IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BROADSTONE MAPLE, LLC doing business as Broadstone Court Apts., <br><br>                        Plaintiff, <br><br>   v. <br><br>DADA INGRAM, and All Other Occupants, <br><br>                        Defendants. | 1:17-cv-2918-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [2] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Fulton County, Georgia.

## I. BACKGROUND

On July 10, 2017, Plaintiff Broadstone Maple LLC, doing business as Broadstone Court Apts. ("Plaintiff"), initiated a dispossessory proceeding against Dada Ingram ("Defendant") in the Magistrate Court of Fulton County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

---
[1] No. 17ED039128.

On August 3, 2017, Defendant, proceeding *pro se*, removed the Fulton County Action to this Court by filing her Petition for Removal and an application to proceed *in forma pauperis* ("IFP Application"). Defendant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. Defendant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Universal Commercial Code. (Petition for Removal [3] at 1-2).

On August 28, 2017, Magistrate Judge Walker granted Defendant's IFP Application. ([2]). The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction over the action removed. The Magistrate Judge found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Fulton County. The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. Although not alleged in the Petition for Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship. The Magistrate Judge found that Defendant

failed to allege any facts to show that the amount in controversy exceeds $75,000. The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B. Analysis

Defendant does not object to the Magistrate Judge's finding that Plaintiff's Complaint does not present a federal question and that the amount in controversy

does not exceed $75,000. The Court does not find any plain error in these conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Carter v. Butts Cty., Ga., et al., 821 F.3d 1310, 1322 (11th Cir. 2006) (quoting Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and,

4

accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Magistrate Court of Fulton County. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [2] is **ADOPTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE